30 F.3d 128
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In Re ARC ENERGY CORPORATION, Debtor.
COLSTAR PETROLEUM CORPORATION; Charlese. Colburn, III,
Plaintiffs-Appellants,
v.
ARC ENERGY CORPORATION, Defendant-Appellee.
 No. 93-2274.
 United States Court of Appeals, Fourth Circuit.
 Argued April 15, 1994.
Decided July 26, 1994.
 
 1
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (CA-93-841-A, BK-88-582-AB)
 
 
 2
 John William Thyden, Thyden, Gross, Callahan & Oler, Chevy Chase, MD for Appellants.
 
 
 3
 Mark Robertsen Eaton, Michaels & Wishner, Washington, DC, for Appellee.
 
 
 4
 E.D.Va.
 
 
 5
 AFFIRMED.
 
 
 6
 Before ERVIN, Chief Judge, NIEMEYER, Circuit Judge, and HARVEY, Senior United States District Judge for the District of Maryland, sitting by designation.
 
 OPINION
 PER CURIAM
 
 7
 In the bankruptcy proceeding of ARC Energy Corporation, two creditors, Colstar Petroleum Corporation and Charles E. Colburn, III, sought to establish a preferred status for purposes of receiving distributions from the bankruptcy estate. Colstar asserted that it had a security interest in an amount of approximately $1 million and Colburn asserted a wage claim in the amount of $498,000.
 
 
 8
 In an adversary proceeding, the bankruptcy court set aside Colstar's security interest under 11 U.S.C. Sec. 547(b), finding that the security interest was created by a transfer made by an insider within one year of the bankruptcy petition at a time when the debtor was insolvent, and under 11 U.S.C. Sec. 548, finding that the transfer was made within one year of the bankruptcy petition for less than reasonably equivalent value at a time when the debtor was insolvent. The bankruptcy court also rejected Colburn's wage claim, finding no evidence to support it. The district court affirmed the bankruptcy court's rulings, concluding that the evidence was sufficient to support the bankruptcy court's findings. This appeal followed, raising principally the adequacy of the evidence but also assigning procedural errors to the bankruptcy court in conducting the adversary proceeding.
 
 
 9
 Having considered the arguments of counsel and reviewed the record, we affirm on the same reasoning adopted by the district court. While we agree with the district court that evidence of ARC Energy Corporation's insolvency at the time of transfer was thin and mostly circumstantial, we are satisfied nevertheless that it was adequate to support the bankruptcy court's factual findings. Our standard of review is only whether the bankruptcy court's findings were clearly erroneous, and we conclude that they were not.
 
 
 10
 Colstar and Colburn also contend that the bankruptcy court improperly shifted the burden of persuasion, creating presumptions against their interest. They also assign error in connection with various evidentiary rulings. We have considered each of the points raised and find them to be without merit.
 
 
 11
 Accordingly, we affirm the judgment of the district court.
 
 AFFIRMED